UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME GOMEZ,<br><br>    Petitioner,<br><br>v.<br><br>SCOTT KERNANA,<br><br>    Respondent. | Case No. 1:18-cv-01425-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY RESPONDENT'S MOTION TO DISMISS<br><br>ECF No. 11. |

Petitioner Jose Luis Kelly Cuevas, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the petition as untimely. ECF No. 11. Because respondent has not shown that the petition is untimely, we recommend that the court deny respondent's motion to dismiss.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a one-year statute of limitations for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of four dates:

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

  C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017). The one-year statute of limitations period may be tolled while the petitioner pursues state-court remedies. *See Grant*, 862 F.3d at 918. The one-year period may also be tolled, as a matter of equity, in extraordinary circumstances. *See id.*

  Here, the parties do not argue that Sections 2244(d)(1) Subsections (B), (C), and (D) are relevant. The court will therefore assess the timeliness of the petition under only Subsection (A) and begin the analysis from the date when the state-court judgment became final. On direct appeal, the Court of Appeal affirmed the judgment on December 21, 2016. *See* ECF No. 12-2 at 1; *People v. Gomez*, No. F070785, 2016 WL 7384100 (Cal. Ct. App. Dec. 21, 2016). Petitioner then sought further review, and the California Supreme Court denied his petition for review on March 15, 2017. ECF No. 12-4 at 1. Petitioner had a ninety-day period to file a petition for review by the United States Supreme Court, and that period expired on June 13, 2017, the date petitioner's direct appeal concluded. The one-year limitations period began running the following day, June 14, 2017. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent tolling, the last day to file a federal habeas petition was June 15, 2018, one year after the conclusion of direct review on June 14, 2017. The petition in this case was filed on October 15, 2018, ECF No. 1, about four months after the expiration of the one-year limitations period. Thus, the petition is untimely unless petitioner shows that the limitations period was tolled.

  Respondent's exhibits show that the one-year limitations period was tolled long enough to make the federal habeas petition timely. On June 16, 2017, two days after the conclusion of direct appeal, petitioner filed a state habeas petition, which the Kern County Superior Court denied on November 20, 2017. ECF No. 12-5 at 37; ECF No. 12-6 at 3. The one-year limitations

1 period was tolled during the 157 days in which petitioner's state habeas petition was pending
2 before the Kern County Superior Court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005)
3 (reasoning that petition for state post-conviction review tolls limitations period). Thus, a total of
4 331 days lapsed before the filing of the federal habeas petition: two days between the conclusion
5 of direct appeal on June 14, 2017 and the filing of petitioner's state habeas petition on June 16,
6 2017, in addition to the 329 days between the denial of the state habeas petition on November 20,
7 2017 and the filing of the federal habeas petition on October 15, 2018.

Respondent states that petitioner filed his state habeas petition on August 14, 2017—not
June 16, 2017. ECF No. 11 at 6. To show the filing date of August 14, 2017, respondent cites
the state habeas petition itself and the state court's opinion denying that petition. *See id.* (citing
ECF Nos 12-5, 12-6). The proof of service, however, says petitioner served the state habeas
petition on June 16, 2017, not August 14, 2017:

> On 6/16/2017 (DATE),
> I served the attached: Petition For Writ of Habeas Corpus filed in the Superior Court of Kern County, Cal (DESCRIBE DOCUMENT)
> on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:
> Attorney General of California - Xavier Becerra
> Office of the Att. General of Cal
> Department of Justice
> PO Box 944-255 Sacramento
> CA 94244-2550
> I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
> Executed on 6/16/2017 (DATE)  Jaime Gomez (DECLARANT'S SIGNATURE)
> 8/14/2017 JG

ECF No. 12-5 at 37. Although petitioner arguably executed his proof of service on August 14,
2017, executing proof of service is not the same as service. We have found no requirement that

3

the proof of service need be executed on the same day as the date of service, and respondent has identified none. The court should deny respondent's motion to dismiss.

**Findings and Recommendations**

We recommend that the court deny respondent's motion to dismiss. ECF No. 11.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:  August 16, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202.