UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GOMEZ,<br><br>        Petitioner,<br><br>    v.<br><br>SCOTT KERNANA,<br><br>        Respondent. | No.  1:18-cv-01425-NONE-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS, REQUEST FOR EVIDENTIARY HEARING, AND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. Nos. 1, 23) |

    Petitioner Jamie Gomez is a state prisoner proceeding without counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In January 2015, petitioner was sentenced in the Kern County Superior Court to 22 years and eight months of imprisonment following his convictions for carjacking, second degree robbery, false imprisonment, making a criminal threat, reckless evasion of a peace officer, and resisting a peace officer following a jury trial.  (Doc. Nos. 12-1; 12-2 at 1.)  After petitioner unsuccessfully sought habeas relief from the California Court of Appeal and California Supreme Court, petitioner sought federal habeas relief based on the alleged violation of his Sixth Amendment right to confrontation, as well as for an evidentiary hearing with respect to that claim and the appointment of counsel, and.  (Doc. No. 1 at 5, 18.)

    Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant habeas petition was referred to a United States Magistrate Judge.  On September 30, 2020, the previously assigned magistrate judge found that the California Court of Appeal properly denied petitioner's state

1

habeas petition on the ground that any error in the admission of challenged testimony at petitioner's trial was harmless error and recommended that the instant habeas petition be denied. (Doc. No. 23 at 8–10.) The magistrate judge further found that there was no legal basis to hold an evidentiary hearing or appoint counsel to petitioner. (*Id.* at 11–12.) Petitioner has filed objections to the findings and recommendations. (Doc. No. 24.)

In accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has reviewed this case *de novo* and finds the pending findings and recommendations to be supported by the record and proper analysis. Petitioner's objections fail to meaningfully address the magistrate judge's reasoning and cited authorities. The undersigned will therefore adopt the findings and recommendations.

The court must now turn to whether a certificate of appealability should be issued. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court orders as follows:

1. The findings and recommendations issued on September 30, 2020 (Doc. No. 23) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is DENIED;

/////

/////

/////

2

3. The court DECLINES to issue a certificate of appealability; and

4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: __**December 14, 2020**__   _____*Dale A. Drozd*_____
UNITED STATES DISTRICT JUDGE